IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| REYNA MARIE RAMOS, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-877-BJ |
| § | |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reyna Marie Ramos ("Ramos") seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). Because the parties have consented to proceed before a magistrate judge, the undersigned has full authority under 28 U.S.C. § 636(c) to consider this appeal, including issuing a final judgment. For the reasons stated herein, the decision of the Administrative Law Judge ("ALJ") is **AFFIRMED**.

### I.   STATEMENT OF THE CASE

Plaintiff Ramos filed this action pursuant to Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code for judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and disabled widow's benefits ("DWB") (collectively "disability benefits") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "SSA"). Ramos protectively filed her DIB and SSI applications on September 23, 2020, and her DWB application on July 14, 2021, alleging in all three that her disability began on May 1, 2015. (Transcript ("Tr.") 22; *see* Tr. 264–77, 285–91). Ramos' applications were denied initially and on reconsideration. (Tr. 22). On January 24, 2022, the ALJ held a hearing, and, on February 18, 2022, the ALJ issued a decision finding that Ramos was not disabled within the meaning of the SSA. (Tr. 22–36). The Appeals

Council denied Ramos' request for review on August 3, 2022, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 1-6.) Ramos subsequently filed this civil action under 42 U.S.C. Sec. 405(g), seeking review of the ALJ's decision.

## I. STANDARD OF REVIEW

Disability benefits are governed by Title II, 42 U.S.C. § 404 *et seq.*, and SSI benefits are governed by Title XVI, 42 U.S.C. § 1381 *et seq.*, of the SSA. In addition, numerous regulatory provisions govern disability insurance and SSI benefits. *See* 20 C.F.R. Pt. 404 (disability insurance); 20 C.F.R. Pt. 416 (SSI). Although technically governed by different statutes and regulations, "[t]he law and regulations governing the determination of disability are the same for both disability [] benefits and SSI." *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

The SSA defines a disability as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). To determine whether a claimant is disabled, and, thus, entitled to disability benefits, a five-step analysis is employed. 20 C.F.R. §§ 404.1520, 416.920. First, the claimant must not be presently working at any substantial gainful activity. Substantial gainful activity is defined as work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. §§ 404.1527, 416.972. Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. §§ 404.1520(c), 416.920(c); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985), *cited in Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000). Third, disability will be found if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if disability cannot be found on the basis of the

claimant's medical status alone, the impairment or impairments must prevent the claimant from returning to his past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e), 416.920(e). And fifth, the impairment must prevent the claimant from doing any work, considering the claimant's residual functional capacity ("RFC"), age, education, and past work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999). At steps one through four, the burden of proof rests upon the claimant to show he is disabled. *Crowley*, 197 F.3d at 198. If the claimant satisfies this responsibility, the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. *Id.*

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id.* A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383.[1]

---

[1] There are four elements of proof that must be weighed in determining whether substantial evidence of disability exists: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).

3

## II. ISSUE

Ramos' sole issue is whether the ALJ sufficiently developed the record with opinion evidence. (Plaintiff's Brief ("Pl's Br.") at 1).

## III. ALJ DECISION

In his February 18, 2022, decision, the ALJ found that Ramos had not engaged in any substantial gainful activity since May 4, 2018, her amended alleged onset date of disability, and that she met the disability insured status requirements of the SSA through December 31, 2020. (Tr. 25). At Step Two, the ALJ found that Ramos suffered from the following "severe" impairments: diabetes mellitus ("DM"), diabetic retinopathy, carpal tunnel syndrome ("CTS"), obesity, and depression. (Tr. 25–26 (emphasis omitted)). At Step Three, the ALJ found that Ramos did not suffer from an impairment or combination of impairments that met or equaled any section in the Listing. (Tr. 26).

As to Ramos' RFC, the ALJ stated:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except for the following limitations: the claimant can occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but never crawl or climb ladders, ropes, or scaffolds. The claimant can frequently handle, finger, and feel with the bilateral upper extremities. The claimant must avoid work at or around unprotected heights, moving mechanical parts, and driving a motor vehicle as part of her job duties. The claimant can understand, remember, and carry out detailed but not complex tasks and instructions.

(Tr. 28 (emphasis omitted)). Based upon this RFC assessment, the ALJ concluded that Ramos could not perform her past relevant work. (Tr. 34). However, the ALJ determined, at step five, that there are jobs that exist in significant numbers in the national economy that the Ramos can perform. (Tr. 35). Consequently, the ALJ found that Ramos was not disabled. (Tr. 36).

## IV. DISCUSSION

As a preliminary matter, Ramos urges the Court to abandon its own precedent and the precedent of other courts in the Fifth Circuit, regarding the application of 42 U.S.C. Section 421(d), for a two-factor test promulgated in a case from the Northern District of Georgia. (Pl.'s Br. at 11). The Court declines to do so. As such, the Court must determine whether the ALJ sufficiently developed the record regarding Ramos' diabetes mellitus and other impairments. (*See* Pl.'s Br. at 13). Ramos contends that her diabetes mellitus and other impairments were "not sufficiently simple for the ALJ to evaluate" as a layperson and that the ALJ did not rely on sufficient opinion evidence in forming the RFC. (Tr. at 13).

A review of the ALJ's decision shows that he conducted a very thorough analysis of the evidence, including the treatment history, clinical findings, diagnostic test results, treating source reports, and Ramos' testimony about her impairments and daily activities in making his RFC determination. (Tr. 28–34). The ALJ discussed Ramos' mental and physical impairments, including her diabetes mellitus. (Tr. 28–34). In making his RFC determination, the ALJ cited to numerous medical reports, tests, and findings. (Tr. 28–34). Furthermore, while the ALJ did not rely on any state agency medical opinions in making his determination, the record shows that those opinions were unavailable to the ALJ because "at both the initial and reconsideration level[s] . . . ***the claimant failed to provide requested information or functional reports and neglected to respond to correspondence to obtain such evidence***." (Tr. at 34 (emphasis added)).

Based on the foregoing, the Court finds that the ALJ undertook a thorough analysis of all available evidence regarding Ramos' impairments. The ALJ properly exercised his responsibility as fact finder to weigh the evidence and incorporate limitations in his RFC assessment that the record supported. *See Audler v. Astrue,* 501 F.3d 446, 447 (5th Cir. 2007). Therefore, the Court

concludes that the ALJ fully and fairly developed the record regarding Ramos' diabetes mellitus and other impairments, and remand is not required on this issue.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is **AFFIRMED**.

SIGNED November 17, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE